1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8

9

10    MARION CURTIS CASSIDY,

11                          Plaintiff,

12          v.

13    CAROLYN W. COLVIN, Acting
      Commissioner of the Social Security
14    Administration,

15                          Defendant.

16

CASE NO. 13-cv-05164 RBL

REPORT AND
RECOMMENDATION ON
PLAINTIFF'S COMPLAINT

Noting Date: March 7, 2014

17          This matter has been referred to United States Magistrate Judge J. Richard

18    Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR

19    4(a)(4), and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261,

20    271-72 (1976).  This matter has been fully briefed (*see* ECF Nos. 17, 18, 19).

21          After considering and reviewing the record, the Court finds that the ALJ

22    committed harmful error in his review of the medical opinion evidence, failing to provide

23    specific and legitimate reasons for his failure to credit fully opinions from examining

24

doctor, Dr. Michael K. Friedman, D.O. He also erred in his review of the opinion from Dr. Jennifer James, M.D.

For these reasons and based on the relevant record, the Court concludes that this matter should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative consideration.

BACKGROUND

Plaintiff, MARION CURTIS CASSIDY, was born in 1964 and was 38 years old on the alleged date of disability onset of September 3, 2003 (*see* Tr. 221). Plaintiff completed 10th grade and later received his GED (Tr. 60).   Plaintiff has past relevant work as a groundskeeper and cook helper (Tr. 85-86).  Plaintiff claims he stopped working because of his medical conditions (Tr. 246).

"Through the date last insured, the claimant had the following severe impairments: herniated cervical disc C5-C6 status post fusion, right shoulder sprain, status post Arnold-Chiari type I malformation and decompressive surgery, left lumbar radiculopathy, depression, anxiety, and pain disorder (20 CFR § 404.1520(c))" (Tr. 30).

At the time of the hearing, plaintiff was living with his girlfriend of 23 years and 7-year-old son (Tr. 61).

PROCEDURAL HISTORY

Plaintiff protectively filed an application for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act on October 22, 2010 (*see* Tr. 221-31, 242). Plaintiff's SSI claim was denied due to excess resources and

1    plaintiff did not appeal the financial denial within 60 days, ending his SSI claim (Tr. 142-

2    51).

3         Plaintiff's DIB application was denied initially on March 2, 2011 (Tr. 104-127)

4    and following reconsideration on March 23, 2011 (Tr. 128-139). Plaintiff's requested

5    hearing was held before Administrative Law Judge David Johnson ("the ALJ") on May

6    17, 2012 (*see* Tr. 50-103). On June 4, 2012, the ALJ issued a written decision in which

7    the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see*

8    Tr.25-49).

9         On February 4, 2013, the Appeals Council denied plaintiff's request for review,

10   making the written decision by the ALJ the final agency decision subject to judicial

11   review (Tr. 1-7). *See* 20 C.F.R. § 404.981. Plaintiff filed a complaint in this Court

12   seeking judicial review of the ALJ's written decision in March of 2013 (*see* ECF Nos.

13   1,3). Defendant filed the sealed administrative record regarding this matter ("Tr.") on

14   May 20, 2013 (*see* ECF Nos. 12, 13).

15        Plaintiff raises the following issues:   (1) Whether or not the ALJ properly

16   evaluated the medical source opinions; (2) Whether or not the ALJ properly found that

17   plaintiff's testimony and statements were not entirely credible; and (3) Whether or not the

18   ALJ's medical and credibility findings supported the ALJ's residual functional capacity

19   ("RFC") assessment and vocational analysis (*see* ECF No. 18, pp. 1-2, *citing* ECF No.

20   17, pp. 3-11).

## STANDARD OF REVIEW

Plaintiff bears the burden of proving disability within the meaning of the Social Security Act (hereinafter "the Act"); although the burden shifts to the Commissioner on the fifth and final step of the sequential disability evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140, 146 n. 5 (1987). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment "which can be expected to result in death or which has lasted, or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  A claimant is disabled pursuant to the Act only if claimant's impairment(s) are of such severity that claimant is unable to do previous work, and cannot, considering the claimant's age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such "'relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (*quoting Davis v. Heckler*, 868 F.2d 323, 325-26 (9th Cir. 1989)). Regarding the question of whether or not

substantial evidence supports the findings by the ALJ, the Court should "review the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion.'" *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir. 1995) (*citing Magallanes, supra*, 881 F.2d at 750).

In addition, the Court must independently determine whether or not "'the Commissioner's decision is (1) free of legal error and (2) is supported by substantial evidence.'" *See Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2006) (*citing Moore v. Comm'r of the Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002) (collecting cases)); *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996) (*citing Stone v. Heckler*, 761 F.2d 530, 532 (9th Cir. 1985)). According to the Ninth Circuit, "[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ - - not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (*citing SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947) (other citation omitted)); *see also Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) ("we may not uphold an agency's decision on a ground not actually relied on by the agency") (*citing Chenery Corp, supra*, 332 U.S. at 196). In the context of social security appeals, legal errors committed by the ALJ may be considered harmless where the error is irrelevant to the ultimate disability conclusion when considering the record as a whole. *Molina, supra*, 674 F.3d at 1117-1122; *see also* 28 U.S.C. § 2111; *Shinsheki v. Sanders*, 556 U.S. 396, 407 (2009).

DISCUSSION

**(1)    Whether or not the ALJ properly evaluated the medical source opinions.**

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician or psychologist. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (*citing Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). Even if a treating or examining physician's opinion is contradicted, that opinion can be rejected only "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester, supra*, 81 F.3d at 830-31 (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (*citing Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

In addition, the ALJ must explain why his own interpretations, rather than those of the doctors, are correct. *Reddick, supra*, 157 F.3d at 725 (*citing Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)). But, the Commissioner "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (*quoting Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (*quoting Cotter v. Harris*, 642 F.2d 700, 706-07 (3rd Cir. 1981))). The "ALJ's written decision must state reasons for disregarding [such] evidence." *Flores, supra*, 49 F.3d at 571.

1

2

a.   Dr. Michael K. Friedman, D.O., examining doctor, November 19, 2004 (Tr. 364-65)

3

Plaintiff contends that the ALJ failed to evaluate properly Dr. Friedman's opinion.

4

The ALJ's rejected Dr. Friedman's opinion that plaintiff could not work on the basis that

5

he expressed this opinion using workers' compensation terminology, rather than

6

terminology used in the social security regulations.  Plaintiff claims that this is not

7

legitimate as the "ALJ must consider the terms of art in other programs, such as workers'

8

compensation" (*see* Opening Brief, ECF No. 17, pp. 5-6 (*citing Desrosiers v. Sec. H.H.S.*,

9

846 F.2d 573, 576 (9th Cir. 1988)); *see also* Tr. 365).

10

11

Defendant contends that "Dr. Friedman merely expressed an opinion that Plaintiff

12

was unable to work" (*see* Response, ECF No. 18, p. 6 (*citing* Tr. 365)). According to

13

defendant, "[t]his is not a case of a physician providing actual functional limitations that

14

an ALJ declined to consider" (*see id.* at pp. 6-7 (citation omitted)). As characterized by

15

defendant, "Dr. Friedman's opinion that Plaintiff cannot work is immaterial" (*see id.* at p.

16

7). For the reasons stated below, the Court does not agree with defendant's

17

characterization of Dr. Friedman's opinion.

18

Dr. Friedman examined plaintiff in November, 2004 (*see* Tr. 359-66). He

19

performed a mental status examination ("MSE") (*see* Tr. 364).  For example, Dr.

20

Friedman observed that plaintiff appeared "significantly depressed," that he demonstrated

21

a flat affect, and that plaintiff came "across as if he was in somewhat of a daze" (*see id.*).

22

Dr. Friedman assessed that plaintiff was "remarkably somatically preoccupied," and was

23

24

"distracted" (*see id.*). Dr. Friedman assessed plaintiff's insight as "fair to poor," and his

judgment as "fair" (*see id.*).

Among other diagnoses, Dr. Friedman diagnosed plaintiff with "1) Pain disorder

with psychological features and a medical condition; 2) major depressive episode,

chronic and severe; [and] [t]he patient demonstrates some maladaptive traits" (*see id.*).

He assessed that plaintiff's global assessment of functioning ("GAF") was 50 to 55 (*see

id.*).

Dr. Friedman indicated his opinion that plaintiff's condition was not fixed and

stable (*see* Tr. 365). When asked whether or not, on a psychiatric basis, plaintiff was

capable of gainful employment, Dr. Friedman opined as follows:

> I do not agree that from a psychiatric basis he is capable of gainful
> employment. This patient is markedly preoccupied with his pain. He
> cannot concentrate and appears to be apathetic and poorly motivated. He
> has chronic passive suicidal ideation. He is sleep deprived. His
> restrictions are related to multifactorial causes. The patient has had
> preexisting psychologic problems, which have worsened following his
> injury.

(*Id.*).

Although defendant contends that "[t]his is not a case of a physician providing

actual functional limitations that an ALJ declined to consider", the Court does not agree

with this contention (Response, ECF No. 18, pp. 6-7 (citation omitted)). Here, not only

did Dr. Friedman indicate his ultimate conclusion that plaintiff could not work, which is

the ultimate conclusion reserved to the Acting Commissioner, but also, Dr. Friedman

specified particular functional limitations as the basis for his assessment: Dr. Friedman

opined specifically in support of his assessment that plaintiff cannot work with his

1    opinion that plaintiff is "markedly preoccupied with his pain;" and importantly, he opined

2    that plaintiff "cannot concentrate" (Tr. 365). A fair reading of this paragraph is that

3    plaintiff suffers from at least marked limitation in his ability to concentrate.

4         The implied finding by the ALJ that Dr. Friedman did not opine any specific

5    functional limitations relevant to plaintiff's ability to work is not based on substantial

6    evidence in the record as a whole. The ALJ did not include Dr. Friedman's opinions into

7    his determination regarding plaintiff's residual functional capacity ("RFC") (*see* Tr. 33,

8    39). Although the ALJ limited plaintiff to "simple repetitive tasks," there is no indication

9    of accommodation for lapses in concentration or times off task due to concentration

10   difficulties (Tr. 33). This is error, as according to Social Security Ruling ("SSR") 96-8p,

11   a residual functional capacity assessment by the ALJ "must always consider and address

12   medical source opinions. If the RFC assessment conflicts with an opinion from a medical

13   source, the adjudicator must explain why the opinion was not adopted." *See* SSR 96-8p,

14   1996 SSR LEXIS 5 at *20.

15

16        If Dr. Friedman's opinion was inadequate to determine the extent of plaintiff's

17   limitations with respect to concentration, the ALJ should have complied with his duty to

18   develop the record, not ignore specific limitations obviously opined to be of marked

19   severity (*see* Tr. 365). *See Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001). In

20   addition, even if the ALJ is not bound by Dr. Friedman's opinion that plaintiff could not

21   work, the whole opinion nevertheless is probative, and in this particular instance,

22   demonstrates the level of severity in limitation regarding concentration (*see id.*; Opening

23   Brief, ECF No. 17, p. 6; *see also* Reply, ECF No. 19, p. 2 ("Defendant has not responded

24

to Plaintiff's argument that that Ninth Circuit requires the ALJ to use terms of art of other programs to interpret medical findings")). *See also Desrosiers, supra*, 846 F.2d at 576.

For this reason, and based on the relevant record, the Court concludes that the ALJ erred in his assessment of the medical opinion evidence provided by Dr. Friedman. The Court also concludes that this error is not harmless error.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*citing Stout v. Commissioner, Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). The court also noted that the Ninth Circuit has "adhered to the general principle that an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id.* (*quoting Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (other citations omitted).

Defendant's argument regarding harmless error demonstrates only that Dr. Friedman's opinion was contradicted. Here, failure to credit fully the opinion from Dr. Friedman is not irrelevant to the ultimate determination regarding non-disability and therefore is not harmless error. *See id.* at 1115.  Dr. Friedman clearly opined that plaintiff suffered from particular functional limitations related to his preoccupation with his pain and his impairment of "pain disorder with psychological features and a medical condition:" specifically, that plaintiff suffered from limitation in his ability to concentrate (*see* Tr. 364). A review of the relevant record from Dr. Friedman indicates that Dr. Friedman opined that plaintiff's limitation in this area was of sufficient severity to render him incapable of working.

1    Therefore, failure to credit the opinion fully or provide specific and legitimate

2    reasons to discount the opinion is legal error requiring reversal.

3    For the reasons stated and based on the relevant record, the Court concludes that

4    this matter should be reversed and remanded for further consideration of the medical

5    evidence provided by Dr. Friedman.

6

7    b.  Dr. Jennifer J. James, M.D., examining doctor, March 6, 2007 (Tr. 367-74)

8    The ALJ gave "little weight" to the opinion of Dr. James, who examined plaintiff

9    and provided her medical opinion (*see* Tr. 35, 41 (*citing* Exhibit 2F/17, *i.e.*, Tr. 374)). Dr.

10   James observed on examination that plaintiff presented with "severe cervical neuropathic

11   pain in a cape-like distribution [] common with cervical anterior spinal cord

12   encroachment [as] often seen in individuals with central spinal cord stenosis from

13   structures bruising the spinal cord" (*see* Tr. 374). Among other opinions, Dr. James

14   opined that plaintiff was not capable of employment at that time; opined that she could

15   not determine specific permanent functional limitations because he had yet to become

16   fixed and stable; and she recommended that "he have treatment with a neurologist or

17   physiatrist accustomed to treating individual with spinal cord injury" (*see* Tr. 373-74).

18

19   The Court notes plaintiff's argument that the ALJ committed harmful error by

20   incorrectly referencing the wrong date, and plaintiff's reply that defendant "ignored this

21   glaring date error" (*see* Reply, ECF No. 19, p. 5).

22   The ALJ demonstrates confusion regarding the record, as he indicated that in

23   "March of 2007 the claimant presented to Jennifer James, M.D., for an independent

24

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 11

medical examination" (Tr. 35 (*citing* Exhibit 2F/10-18, *i.e.*, Tr. 363-75)). However, subsequently in the written decision, the ALJ notes that in "March of 2003 Jennifer James, M.D, an independent medical examiner, examined the claimant" (*see* Tr. 41). Although defendant does not address this error, it is not harmless error. When the ALJ was specifically reviewing the medical opinion evidence, the ALJ assessed the opinion of Dr. James as if it was rendered in March, 2003 before plaintiff's alleged date of disability onset of September, 2003. As Dr. James actually examined plaintiff and provided her examination during the relevant period of alleged disability, the Court cannot conclude with confidence that the ALJ's error did not affect the ultimate determination regarding non-disability. *See Molina*, *supra*, 674 F.3d at 1115.

For the stated reasons and based on the relevant record, the Court concludes that Dr. James' opinion should be evaluated further following remand of this matter. Because of the errors in the assessment of the medical evidence provided by Drs. Friedman and James, and based on the relevant record, the Court concludes that all of the medical evidence should be evaluated anew following remand of this matter.

(2)     **Whether or not the ALJ properly found that plaintiff's testimony and statements were not entirely credible.**

The Court already has concluded that the ALJ erred in reviewing the medical evidence and that this matter should be reversed and remanded for further consideration, *see supra*, section 1. In addition, a determination of a claimant's credibility relies in part

on the assessment of the medical evidence. *See* 20 C.F.R. § 404.1529(c). Therefore, for this reason, plaintiff's credibility should be assessed anew following remand.

> **(3)   Whether or not the ALJ's medical and credibility findings supported the ALJ's residual functional capacity (RFC) assessment and vocational analysis.**

Similarly, plaintiff's RFC and the remainder of the sequential disability evaluation process should be evaluated anew, as necessary.

> **(4)   Whether this matter should be reversed and remanded for further administrative proceedings or for a direct award of benefits**

Generally when the Social Security Administration does not determine a claimant's application properly, "'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit has put forth a "test for determining when [improperly rejected] evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (*quoting Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). It is appropriate when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Harman, supra,* 211 F.3d at 1178 (*quoting Smolen*, *supra*, 80 F.3d at 1292).

Here, outstanding issues must be resolved. *See Smolen, supra*, 80 F.3d at 1292. Furthermore, the decision whether to remand a case for additional evidence or simply to

award benefits is within the discretion of the court. *Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989) (*citing Varney v. Secretary of HHS*, 859 F.2d 1396, 1399 (9th Cir. 1988)).

Although the ALJ failed to provide a legitimate reason to discount the opinions from examining doctor, Dr. Friedman, including the opinion that plaintiff could not concentrate sufficiently to work, Dr. Friedman's opinion was not un-contradicted. The Court also notes that, as noted by plaintiff, at least one of the doctors who examined plaintiff subsequent to his alleged period of disability (Dr. Coder) opined similarly to Dr. Friedman regarding plaintiff's limitations in concentration (*see* Opening Brief, ECF No. 17, p. 7 (*citing* Tr. 40 (*citing* Exhibit 5F); Reply Brief, ECF No. 19, p. 4).

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995)). If the medical evidence in the record is not conclusive, sole responsibility for resolving conflicting testimony and questions of credibility lies with the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1999) (*quoting Waters v. Gardner*, 452 F.2d 855, 858 n.7 (9th Cir. 1971) (*citing Calhoun v. Bailar*, 626 F.2d 145, 150 (9th Cir. 1980))).

## CONCLUSION

The ALJ erred in his evaluation of the medical evidence provided by Drs. Friedman and James, and all of the medical evidence should be assessed anew. As a result, plaintiff's credibility and allegations also should be assessed anew.

Based on these reasons, and the relevant record, the undersigned recommends that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further consideration.  **JUDGMENT** should be for **PLAINTIFF** and the case should be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on March 7, 2014, as noted in the caption.

Dated this 13th day of February, 2014.

_____
J. Richard Creatura
United States Magistrate Judge